IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HECTOR JAUREGUI,

          Petitioner,

v.                                        Civil No. 12-cv-0683 JAP/RHS

LEE VAUGHN, WARDEN,

          Respondent.

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner Hector Jauregui's Memorandum Of Law To A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 By A Federal Inmate ("Motion") filed June 25, 2012 (Doc. 1). Petitioner challenges the Bureau of Prison's calculation of his sentence pursuant to 18 U.S.C. § 3585. The Government filed a Response (Doc. 7) opposing Petitioner's Motion on July 26, 2012. Petitioner's Reply was filed on August 20, 2012 and argues that he is entitled to "good conduct credit" under 11 U.S.C. § 3624 for time served in state custody after his sentencing by the federal court (Doc. 8). The Court, having reviewed the Motion, Response, Reply, and applicable law concludes that Petitioner's Motion should be denied.

**FACTS AND PROCEDURAL HISTORY**

Petitioner was sentenced by California state authorities on September 15, 2006 to a 3-year, 8-month term of incarceration (Doc. 1-1 at 8). On June 14, 2007, Petitioner was produced in the District Court, for the District of Kansas pursuant to a Writ of Habeas Corpus *Ad Prosequendum* (Doc. 1-1 at 8; Doc. 7 at 2) to face federal charges in <u>United States v. Jauregui</u>, Cause No. 06-cr-40079-02-SAC (Cr. Doc. 54). Petitioner was sentenced by the District Court on

November 3, 2009, to a term of imprisonment of 36 months (Cr. Doc. 281).  At the time of his

federal sentencing, Petitioner was "subject to an undischarged term of imprisonment by the state

[of California]" (Doc. 1 at 2; Doc. 1-1 at 8).  The District Court did not order Petitioner's federal

sentence to run concurrently with his state sentence (Cr. Doc. 281).  After his federal sentencing,

Petitioner was returned to the California Department of Corrections to serve the remainder of his

state sentence (Doc. 1-1 at 8).  On October 25, 2010, Petitioner was released from the California

Department of Corrections to begin serving his federal sentence (Doc. 1-1).  Petitioner is

currently in the custody of the Bureau of Prisons and is incarcerated at Cibola County

Correctional Center located in Milan, New Mexico.

Petitioner filed the instant Motion on June 25, 2012, challenging the calculation of his

sentence and asserting that the Bureau of Prisons has not followed the sentencing Judge's

recommendation that he receive credit for pretrial detention (Doc. 1 at 9).  This matter was

referred to the undersigned to recommend an ultimate disposition of the case on June 28, 2012

(Doc. 3).  The Government filed its Response on July 26, 2012, asserting that Petitioner received

full credit for his pretrial detention and that the Motion should be dismissed (Doc. 7).  Petitioner

filed his Reply on August 20, 2012, asserting he was entitled for good conduct time "for the time

he spent in state custody while under a judgment of a United States District Court." (Doc. 8 at 1).

## LEGAL STANDARD AND ANALYSIS

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

validity and must be filed in the district where the petitioner is confined." Haugh v. Booker, 210

F.3d 1147, 1149 (10th Cir. 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).

Initially, Petitioner filed a § 2241 motion in the District of Kansas which was dismissed because

Petitioner is currently incarcerated in the Cibola County Correctional Center (Cr. Doc. 289).

Then, Petitioner filed his § 2241 Motion, in this Court, asserting that the Bureau of Prisons miscalculated his sentence by failing to give him proper credit (Doc. 1).

"[C]omputation of a federal sentence requires consideration of two separate issues . . . [1] commencement date of the federal sentence and then . . . [2] the extent to which a defendant can receive credit of time spent in custody prior to commencement of sentence." Stroble v. Terrell, 200 Fed.Appx. 811, 814 (10th Cir. 2006) (citing Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006)). A federal sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. §3585(a). "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." Binford, 436 F.3d at 1254. When a person in state custody is transferred to the federal government pursuant to a writ of habeas corpus *ad prosequendum*, the detention is generally recognized as temporary. Binford, 436 F.3d at 1255-56. The time spent in federal detention under such a writ is credited against the state sentence but not against the federal sentence. Id. at 1256.

Petitioner filed an administrative appeal challenging the calculation of his federal sentence (Doc. 1-1). His appeal was denied (Doc. 1-1 at 8). Now, Petitioner seeks review in this Court arguing that he did not receive proper credit (Doc. 1). He claims that the trial court ordered that he receive credit for the 30 months that he was held in federal custody under the writ of habeas corpus *ad prosequendum* (Doc. 1-1 at ; Doc. 8 at 6). Petitioner attached the "Part B – Response" which determined that "the credit you seek has already been applied toward your state sentence" (Doc. 1-1 at 8). Under §3585(b), "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."18 U.S.C.§3585(b).

Petitioner submits only the Bureau of Prisons decision (Doc. 1-1).  Petitioner does not offer any additional information or evidence to contradict the BOP's determination that he received appropriate credit for the time he was held temporarily in federal custody.

"Statements made by a district court regarding credit for time served are only recommendations." United States v. Wilson, 503 U.S.  329, 333 (1992).  In addition, the statutory language is unequivocal that Petitioner is not entitled to receive "double credit" for time served. 18 U.S.C. §3585(b)(1).  Petitioner is not entitled to credit against the federal sentence because he has already received credit against the state sentence.  For these reasons, the undersigned recommends that Petitioner's Motion be denied.

Petitioner's Reply (Doc.8) argues that he is entitled to good conduct time under 18 U.S.C. §3624(b) for the time he spent in state custody after he was sentenced in the District Court.  He offers no evidence to support his assertion.  In addition, the record reflects that the District Court did not order Petitioner's sentence to run concurrently with the remainder of his state sentence (Doc. 1-1 at 8).  "When the federal district court's order is silent on the issue, the sentences are to run consecutively." Aguilar v. Peterson, 2006 WL 497719 *1 (10th Cir. 2006) (citing 18 U.S.C. §3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently").  §3624(b)(1) provides for "credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment."  The BOP's determination of this credit is subject to whether "a prisoner has displayed exemplary compliance with institutional disciplinary regulations."  18 U.S.C. §3624(b)(1).  The language of this statute presumes that the prisoner is in federal custody in order for said prisoner to receive the "credit."  Id.  Federal Courts generally find that a federal sentence commences when the Petitioner is "received" to be transported to or

arrives at the "official detention facility," not when sentence is imposed.  18 U.S.C. § 3585;

Taylor v. Reno, 164 F.3d 440, 445 (9th Cir. 1998); see also, Aguilar v. Peterson, 2006 WL

497719 at *1 (where prisoner's federal sentence did not commence until after completion of state

sentence where state surrendered prisoner for federal prosecution and sentencing but custody was

returned to state).

Petitioner was transported to the Cibola County Correctional Center after his release from

the California Department of Corrections on October 25, 2010.  Petitioner's federal sentence was

calculated to commence on that date. The District Court did not order Petitioner's federal

sentence to be served concurrently with the remaining term of his state sentence (Doc. 281).

Petitioner offers no evidence to contradict the record or to support a determination that he is

entitled to good conduct credit for the time served in the California Department of Corrections

after sentencing.  For these reasons, the Court concludes that Petitioner is not entitled to federal

good conduct credit while he was in state custody and therefore, recommends that the §2241

motion be denied.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claims

raised in his § 2241 motion.  Therefore, the Court recommends that Petitioner's motion (Doc. 1)

be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings

and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to

these proposed findings and recommended disposition.  A party must file any objections with the

clerk of the district court within the fourteen (14) day period allowed if that party would like to

have appellate review of the proposed findings and recommendations.  If objections are not filed,

appellate review will not be allowed.


_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE